UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| LORENZA I. BARNETTE, JR., | : | CASE NO. 4:15-CV-2226 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Doc. 1] |
| JASON BUNTING, Warden, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Lorenza I. Barnette, Jr. seeks habeas relief under 28 U.S.C. § 2254.[1] He alleges four grounds for relief.[2] Magistrate Judge Kenneth S. McHargh filed a Report and Recommendation ("R&R") in this case, recommending that this Court dismiss the petition.[3] Petitioner Barnette objects to one portion of the R&R, stating that there is cause for the procedural default of his ineffective assistance of counsel claim.[4]

For the following reasons, this Court **OVERRULES** Petitioner Barnette's objections, **ADOPTS** Magistrate Judge McHargh's Report and Recommendation, and **DISMISSES** Petitioner Barnette's § 2254 habeas petition.

## I. Background

Petitioner Barnette argues that his lawyers provided ineffective assistance of counsel by failing to challenge DNA evidence at trial or on appeal.[5]

---

[1] Doc. 1.
[2] *Id*.
[3] Doc. 9 at 27.
[4] Doc. 10.
[5] *Id.* at 1.

Case No. 4:15-cv-2226
Gwin, J.

In October 2011, a Mahoning County, Ohio jury convicted Petitioner of four counts of aggravated murder, two counts of kidnapping, and one count of arson.[6] The trial court sentenced Barnette to life imprisonment without parole for the aggravated murder convictions and to an additional 258 months imprisonment for the remaining convictions.

Petitioner Barnette appealed the trial court's ruling.  He raised three assignments of error on direct appeal:

1. The trial court abused its discretion when it denied appellant's motion to reopen the case.

2. The trial court abused its discretion in precluding defense counsel from impeaching the credibility of Detective Kelty with a specific instance of conduct that was clearly probative of his character for truthfulness.

3. The trial court erred when it overruled appellant's motion in limine to prohibit BCI analysts from testifying regarding statistical DNA population frequency estimates generated by the FBI's CODIS database by FBI personnel not subject to cross-examination.

Barnette's trial counsel also served as his appellate counsel.

The Ohio appeals court affirmed the trial court's judgment on December 17, 2014. On January 29, 2015, Barnette appealed to the Ohio Supreme Court on the same grounds, alleging violations of the Sixth and Fourteenth Amendment. In July 2015, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.

On March 20, 2015, Barnette moved the Ohio appeals court, *pro se*, to reopen his appeal under Ohio App. R. 26(B). Barnette sought to add an ineffective assistance of appellate counsel claim to his appeal. Rule 26(B) requires appellants to file applications for reopening within ninety days of the appellate judgment's journalization. Accordingly, the appeals court denied

---

[6] This Court relies on the state court records, Docs. 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, and 7-8, and the Report and Recommendation, Doc. 9, for the procedural history of Petitioner's cases.

-2-

Case No. 4:15-cv-2226
Gwin, J.

Barnette's application because he filed it two days late. Moreover, Barnette "did not acknowledge" that the application was late "nor provide an explanation of good cause."[7]

On October 29, 2015, Barnette filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.[8] He argues (1) the trial court abused its discretion when it denied Barnette's motion to reopen the case after he rested; (2) the trial court abused its discretion when it precluded defense counsel from impeaching a detective witness's credibility; (3) the trial court erred when it allowed Ohio Bureau of Criminal Identification and Investigation analysts to testify about DNA analysis generated by FBI personnel not subject to cross-examination; and (4) ineffective assistance by Barnette's trial and appellate counsel deprived him of his Sixth Amendment rights.[9]

On August 29, 2016, Magistrate Judge McHargh filed the Report and Recommendation.[10] With respect to the first three grounds for relief, the Report and Recommendation found that Petitioner failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.[11] The Report and Recommendation also found that Petitioner had procedurally defaulted his fourth ground for relief by not raising it on direct appeal.[12]

On September 16, 2016, Petitioner Barnette objected to the Report and Recommendation.[13] Barnette argues that his ineffective assistance of counsel claim is not

---

[7] Doc. 7-1 at 197.
[8] Doc. 1.
[9] *Id.*
[10] Doc. 9.
[11] *Id.* at 14-26.
[12] *Id.* 8-14.
[13] Doc. 10.

Case No. 4:15-cv-2226
Gwin, J.

procedurally defaulted.[14] According to Barnette, inaction by his attorney delayed Barnette from filing his ultimately untimely motion to reopen the appeal.[15]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[16] A district court may adopt without review parts of the R&R to which no party has objected.[17]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[18] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[19] To satisfy the exhaustion requirement, the state courts must have "one full opportunity to resolve any constitutional issues."[20] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[21]

## III. Discussion

*Grounds One, Two, and Three*

Petitioner Barnette only objects to Magistrate Judge McHargh's recommendations regarding his fourth ground for relief, ineffective assistance of counsel.[22] Accordingly, the Court is entitled to adopt to remainder of the R&R without review. Moreover, having conducted its

---

[14] *Id.* at 2.
[15] *Id.* at 1.
[16] 28 U.S.C. § 636(b)(1).
[17] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[18] 28 U.S.C. § 2254.
[19] 28 U.S.C. § 2254(b)(1)(A).
[20] *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999).
[21] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[22] Doc. 10 at 1.

Case No. 4:15-cv-2226
Gwin, J.

own review of the parties' briefs in this case, the Court agrees with the Magistrate Judge McHargh's conclusions with respect to grounds one through three.

*Ground Four – Ineffective Assistance of Counsel*

Petitioner Barnette argues that Magistrate Judge McHargh improperly dismissed his fourth ground for relief—ineffective assistance of trial and appellate counsel—as procedurally defaulted.[23] This Court agrees with Magistrate McHargh's recommended dismissal.

Magistrate Judge McHargh concluded that Barnette procedurally defaulted his ineffective assistance of trial counsel claim by failing to assert the claim in state court.[24] Under Ohio's *res judicata* rule, defendants generally forfeit claims that they could have asserted—but did not—on direct appeal.[25] *Res judicata* does not bar ineffective assistance of trial counsel claims, however, where the same counsel represents a defendant at trial and upon direct appeal.[26] In those instances, the defendant must file a 2953.21 petition for post-conviction relief within 180 days of the date on which the trial transcript was filed in the direct appeal.[27] Barnette failed to file such a petition. Because Barnette never raised his ineffective assistance of trial counsel claim before the state courts, the claim is procedurally defaulted.

Magistrate Judge McHargh also concluded that Barnette procedurally defaulted his ineffective assistance of appellate counsel claim. Under Ohio App. R. 26(B), appellants seeking to make ineffective assistance of appellate counsel claims must move to reopen the appeal within

---

[23] *Id.*
[24] Doc. 9 at 11.
[25] *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).
[26] *State v. Cole*, 443 N.E.2d 169, 171 n.1 (Ohio 1982) ("[C]ounsel cannot realistically be expected to argue his own incompetence . . . .").
[27] Ohio R.C. 2953.21(A)(2) (2010); *see also Gibson v. Wolfe*, No. 2:04CV272, 2006 WL 1028168, at *7-8 (S.D. Ohio Apr. 17, 2006).

-5-

Case No. 4:15-cv-2226
Gwin, J.

ninety days of the appellate judgment.[28] Barnette's appellate judgment was filed on December 17, 2014.[29] Barnette filed his Rule 26 application on March 20, 2015, two days after the deadline.[30] He failed to explain the application's delay.[31] According to Magistrate Judge McHargh, Barnette's failure to show good cause for his untimely Rule 26(B) application procedurally defaults Barnette's ineffective assistance of appellate counsel claim.[32]

In his objection to the R&R, Barnette attempts to show cause for his untimely Rule 26(B) filing. Barnette alleges that his appellate attorney did not notify him about the appellate judgment until "May 7, 2014."[33] As evidence, Barnette attaches a letter from his appellate counsel dated May 7, 2013. The letter states, "Please find enclosed a copy of a judgment entry regarding the above captioned matter."[34] Barnette states that he learned of the December 17, 2014 appellate judgment from the Ross Correctional Institution librarian on "March 1, 2014."[35]

These alleged events fail to demonstrate good cause. According to Barnette, his attorney and the prison librarian notified Barnette of the appellate judgment months *before* the appellate judgment was filed. The letter from appellate counsel likewise predates the appellate judgment by eighteen months.[36] The dates simply do not add up. Barnette fails to demonstrate cause for missing the Rule 26 application deadline, and he therefore procedurally defaults his ineffective assistance of appellate counsel claim.

---

[28] *State v. Lamar*, 812 N.E.2d 970, 971-72 (Ohio 2004) (per curiam).
[29] *State v. Barnette*, No. 11 MA 196, 2014 WL 7339076 (Ohio App. Ct. Dec. 17, 2014).
[30] *State v. Barnette*, No. 11 MA 196, 2015 WL 1467200 (Ohio App. Ct. Mar. 31, 2015).
[31] *Id.* at *1.
[32] Doc. 9 at 12-13.
[33] Doc. 10 at 1..
[34] Doc. 10-2.
[35] Doc. 10 at 1.
[36] The May 6, 2013 letter from counsel likely refers to another "judgment entry." The state court's docket shows that on May 6, 2013, the state appellate court mailed Barnette's attorney a judgment entry scheduling oral argument for his appeal. *See State of Ohio v. Barnette*, 2011 MA 00196. This is likely the "judgment entry" referred to in the May 7, 2013 letter attached to Barnette's objections.

Case No. 4:15-cv-2226
Gwin, J.

In his objection, Barnette also attempts to show cause for procedurally defaulting his ineffective trial counsel claim. Barnette argues that he failed to timely raise his state court ineffective assistance of trial counsel claim because his appellate counsel was ineffective.[37] Barnette's argument loses.

Because Barnette procedurally defaulted his ineffective assistance of appellate counsel claim, he cannot use that claim as cause for other procedurally defaulted federal claims. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."[38] Accordingly, an ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."[39]

Here, Barnette failed to timely present his ineffective assistance of appellate counsel claim to the Ohio courts for post-conviction review. The state appellate court therefore ruled that Barnette had procedurally forfeited both ineffective assistance claims. Barnette cannot use the ineffective assistance of appellate counsel claim to excuse the procedural default of other federal habeas claims.

### IV. Conclusion

For the foregoing reasons, this Court **OVERRULES** Petitioner Barnette's objections. This court **ADOPTS** Magistrate Judge McHargh's Report and Recommendation and incorporates it fully herein by reference. This Court **DISMISSES** Petitioner Barnette's § 2254

---

[37] Doc. 10 at 1.
[38] *Edwards v. Carpenter*, 529 U.S 446, 453 (2000).
[39] *Deitz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004) (citing *Edwards*, 529 U.S. at 452).

Case No. 4:15-cv-2226
Gwin, J.

habeas petition. Moreover, this Court certifies that no basis exists upon which to issue a certificate of appealability.[40]

   IT IS SO ORDERED.


Dated: March 22, 2017          *s/  James S. Gwin*
                    JAMES S. GWIN
                    UNITED STATES DISTRICT JUDGE

---

[40] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).