UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LORENZA I. BARNETTE, JR., | : | CASE NO. 4:15-cv-2226 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 13] |
| v. | : | |
| JASON BUNTING, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this opinion, the Court considers whether a 2021 motion to reopen an earlier § 2254 petition is a successive petition that requires court of appeals approval.

On October 12, 2021, Petitioner Lorenza Barnette moved under Federal Rule of Civil Procedure 60(b) to reopen his 28 U.S.C. § 2254 habeas petition.[1] Warden Jason Bunting opposed, arguing that Petitioner Barnette's motion is untimely, or alternatively, that it should be transferred to the Sixth Circuit as a successive habeas petition.[2]

Because Barnette's motion and his first federal habeas petition challenged the same state court judgment, his motion qualifies as a second or successive petition. Petitioners must obtain Sixth Circuit authorization to file a second or successive habeas petition in this Court. Without that authorization, the Court must transfer the petition.

For the reasons presented below, the Court **TRANSFERS** this case to the Sixth Circuit.

I. Background

In October 2011, a Mahoning County, Ohio jury convicted Petitioner Barnette of four

---

[1] Doc. 13.
[2] Doc. 14.

Case No.
GWIN, J.

counts of aggravated murder, two counts of kidnapping, and one count of arson.[3] The state trial court sentenced Barnette to life imprisonment without parole for the aggravated murder convictions and sentenced Barnette to an additional 258 months' imprisonment for the remaining convictions.[4]

On direct appeal, Petitioner Barnette challenged three trial court rulings: (1) an order denying his motion to reopen the case; (2) a ruling stopping defense counsel detective impeachment with a specific instance of conduct, and (3) an order overruling his motion in limine to prohibit certain statistical DNA testimony.[5]

The Ohio Court of Appeals affirmed the trial court's judgment.[6] The Ohio Supreme Court declined jurisdiction and dismissed the appeal.[7]

Petitioner Barnette moved the Ohio Court of Appeals to reopen his case and allow him to add a claim for ineffective assistance of appellate counsel.[8] The court denied his application as untimely filed.[9]

In October 2015, Petitioner Barnette filed his first petition in this Court, seeking § 2254 habeas corpus writ.[10]

This Court dismissed his first petition.[11] One ground was procedurally defaulted. For the other three grounds, Petitioner failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.[12]

---

[3] Doc. 11 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2-3.
[9] *Id.* at 3.
[10] Doc. 1.
[11] Doc. 11 at 5-7.
[12] *Id.* at 4-5.

Case No.
GWIN, J.

Over four years later and on October 12, 2021, Barnette filed his 60(b) motion, again seeking relief from his 2011 conviction.[13] In this motion, he raises eight grounds not raised in his first petition. He alleges three indictment errors, three grand jury errors, a lack of government standing, and a due process violation related to the indictment.

## II. Discussion

A petitioner who has already challenged a state court judgment through a federal habeas petition faces restrictions before filing a second or successive petition. A petition "qualifies as second or successive only if it challenges a previously challenged judgment" authorizing the petitioner's confinement.[14]

Under 28 U.S.C. § 2244(b)(3), a petitioner seeking to file a second or successive habeas petition must first receive court of appeals authorization for the district court to entertain the petition.[15] If the petitioner files the successive petition in the district court without court of appeals authorization, the district court must transfer the motion to the court of appeals.[16]

Barnette's motion is his second attempt to invalidate the 2011 judgment.[17] Therefore, Barnette's current petition is a second or successive habeas petition under 28 U.S.C. § 2244(b)(3).

Barnette does not show evidence that the Sixth Circuit has authorized him to file a successive habeas petition.

---

[13] Doc. 13.
[14] *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (citing *Magwood v. Patterson*, 561 U.S. 320, 331-33 (2010)).
[15] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").
[16] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).
[17] *See* Doc. 1 (first petition).

Case: 4:15-cv-02226-JG  Doc #: 15  Filed:  10/28/21  4 of 4.  PageID #: 1768

Case No.
GWIN, J.

None of the exceptions allowing a successive petition without court of appeals permission apply here.  Barnette's claims were ripe at the time of his first petition.[18]

Without Sixth Circuit authorization, this Court cannot consider Petitioner Barnette's claims.[19]

### III.   Conclusion

For the reasons stated above, the Court **TRANSFERS** Barnette's motion to the Sixth Circuit for consideration as a successive § 2254 habeas petition.

IT IS SO ORDERED.

Dated: October 28, 2021          *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[18] See *Slack v. McDaniel*, 529 U.S. 473, 488 (2000). The other exceptions also do not apply. The claims were not raised in an earlier petition then dismissed without prejudice. *See id.* In addition, the current petition was not "filed after a remedial appeal, ordered in response to an earlier petition." *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011).
[19] *Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016).

- 4 -