## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LORENZA I. BARNETTE, JR., | ) | CASE NO. 4:15-cv-2226 |
| | ) | CASE NO. 4:23-cv-2027 |
| Petitioner, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| JASON BUNTING, *Warden*, | ) | JAMES E. GRIMES |
| | ) | |
| Respondent. | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

In this consolidated action there are four filings from Petitioner Lorenza Barnette, Jr. ("Petitioner") pending before the Court: (i) the October 2021 motion to reopen pursuant to Fed. R. Civ. P. 60(b) ("2021 Motion to Reopen") (ECF No. 13); (ii) the November 2023 petition for writ of habeas corpus under 28 U.S.C. § 2254 ("2023 Habeas Petition") (ECF No. 24); (iii) the motion for an evidentiary hearing ("Evidentiary Motion") (ECF No. 35); and (iv) the request for discovery ("Discovery Motion") (ECF No. 38).  On August 14, 2024, Magistrate Judge James E. Grimes, Jr. filed a Report and Recommendation ("R&R") which recommended that the Court dismiss the claims raised in Petitioner's 2021 Motion to Reopen and 2023 Habeas Petition.  (ECF No. 39).  In the R&R, Magistrate Judge Grimes also denied both the Evidentiary Motion and Discovery Motion.  (*Id.* at PageID #4104–05).  Petitioner filed an objection to the R&R on August 22, 2024, (ECF No. 40), and an amended objection on August 26, 2024, (ECF No. 41).  Upon consideration of Petitioner's objections, and a *de novo* review of the portions of the record to which Petitioner has properly objected, the Court **ADOPTS** the R&R in its entirety and **DENIES** and **DISMISSES** the 2021 Motion to Reopen (ECF No. 13) and the 2023 Habeas Petition (ECF No. 24).  The Court also **DENIES** the Evidentiary Motion (ECF No. 35) and Discovery Motion (ECF No. 38).

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

Magistrate Judge Grimes' R&R provides a thorough account of the events preceding the filings and R&R currently before the Court.  The Court will only briefly summarize the relevant factual and procedural history.

A.        **Conviction and Sentence in Ohio State Court**

In October 2009, a grand jury in Mahoning County Court of Common Pleas indicted Petitioner on nine counts: (i) two counts of aggravated murder, in violation of Ohio Rev. Code § 2903.01(A)(F) (Counts One and Three), with death penalty specifications on both counts; (ii) two counts of aggravated murder, in violation of Ohio Rev. Code § 2903.01(B)(F) (Counts Two and Four), with death penalty specifications on both counts; (iii) two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(2) (Counts Five and Six); (iv) two counts of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(3)(c) (Counts Seven and Eight); and (v) one count of arson, in violation of Ohio Rev. Code § 2909.03(A)(1)(B)(2) (Count Nine).  (ECF No. 30-1, PageID #1924–28; ECF No. 39, PageID #4057).

On October 19, 2011, the jury reached a unanimous verdict and found Petitioner: (i) guilty on the four counts of aggravated murder (Counts One through Four), the two counts of kidnapping (Counts Five and Six), and the single count of arson (Count Nine); and (ii) not guilty on the two counts of aggravated robbery (Counts Seven and Eight).  (ECF No. 30-1, PageID #2020–31, 2034–35; ECF No. 39, PageID #4058).  On October 26, 2011, the trial court sentenced Petitioner to life imprisonment without parole on Count One, life imprisonment without parole on Count Three, a 10-year sentence on both Count Five and Count Six, and an 18-month sentence on

Count Nine, with all terms to be served consecutive to each other.[1]  (ECF No. 30-1, PageID #2040–41; ECF No. 39, PageID #4058).

### B.    Direct Appeal

Petitioner filed a timely appeal to the Ohio Court of Appeals, raising three assignments of error.  (ECF No. 30-1, PageID #2044, 2046–63; ECF No. 39, PageID #4059).  On December 17, 2014, the Ohio Court of Appeals found the assignments of error meritless and affirmed the trial court's judgment.  (ECF No. 30-1, PageID #2095–104; ECF No. 39, PageID #4059).  Petitioner appealed the decision, but the Ohio Supreme Court declined to accept jurisdiction of the appeal on July 8, 2015.  (ECF No. 30-1, PageID #2128; ECF No. 39, PageID #4059–60).

In March 2015, Petitioner filed a *pro se* Ohio Appellate Rule 26(B) application to reopen his direct appeal.  (ECF No. 30-1, PageID #2130–35).  Petitioner raised three issues: (i) denial of the right to a speedy trial and effective assistance of counsel; (ii) ineffective assistance of trial and appellate counsel because the same attorney acted in both roles; and (iii) denial of a fair trial due to cumulative errors.  (*Id.* at PageID #2133–35).  On March 31, 2015, the Ohio Court of Appeals denied the application to reopen because it was untimely, it lacked the requisite affidavit, and Petitioner failed to establish good cause for the late filing.  (*Id.* at PageID #2142–44).

### C.    2019 and 2021 Resentencing

In September 2018, Petitioner filed a motion to vacate his sentence pursuant to Ohio Criminal Rule 57 and Ohio Civil Rule 60(B) in the trial court.  (ECF No. 30-2, PageID #2018).  Petitioner argued that his sentence was void because the trial court failed to notify Petitioner of the mandatory post-release control terms on his two aggravated murder convictions in the sentencing journal entry.  (*Id.* at PageID #2018–24).  In September 2019, after holding a resentencing hearing,

---

[1] For sentencing, Counts Two and Four were merged with Counts One and Three, respectively.  (ECF No. 30-1, PageID #2040–41).

the trial court issued a new judgment that now imposed a mandatory term of five years of post-release control following Petitioner's prison sentence, while keeping all other aspects of the original sentence in effect.  (*Id.* at PageID #2830–37, 2874–75).

Petitioner appealed the new judgment to the Ohio Court of Appeals, arguing that the trial court was without jurisdiction to modify his sentence to add the post-release control.  (*Id.* at PageID #2839, 2849–61).  On December 21, 2020, the Ohio Court of Appeals issued an opinion and judgment entry that: (i) found the trial court erroneously conducted a full resentencing hearing in lieu of a limited hearing on post-control; (ii) reversed and vacated the trial court's judgment; and (iii) remanded the matter for the limited purpose of conducting a post-release control hearing.  (*Id.* at PageID #2873–80).  On June 28, 2021, the trial court issued a new judgment entry stating that the court had held a limited post-release control notification hearing and advised Petitioner of the terms of his post-release control.  (*Id.* at PageID #2882).

### D.    Initial Habeas Petition - Case No. 4:15-cv-2226

#### 1.    October 2015 Habeas Petition

In October 2015, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("2015 Habeas Petition"), opening case no. 4:15-cv-2226.  (ECF No. 1).  On March 22, 2017, the Court issued an order and judgment adopting the magistrate judge's R&R (ECF No. 9) and dismissing the 2015 Habeas Petition.[2]  (ECF Nos. 11, 12).  Petitioner did not file an appeal from the final order of dismissal.

#### 2.    October 2021 Motion to Reopen

On October 12, 2021, Petitioner filed the 2021 Motion to Reopen.  (ECF No. 13).  The 2021 Motion to Reopen sought to challenge the Court's decision to deny the 2015 Habeas Petition

---

[2] This case was originally assigned to Judge James S. Gwin before it was reassigned to the undersigned.  All orders issued by the district court before the instant Memorandum and Opinion were issued by Judge Gwin.

and asserted eight grounds attacking his 2011 conviction.  (*Id.* at PageID #1746–48, 1751–54).

On October 28, 2021, the Court transferred the 2021 Motion to Reopen to the Sixth Circuit for

consideration as a successive § 2254 habeas petition.  (ECF No. 15).  On June 1, 2022, the Sixth

Circuit issued an order transferring the case back to the Court.  (ECF No. 17).  The Sixth Circuit

found the 2021 Motion to Reopen was not a "second or successive" habeas petition under

§ 2244(b) because it was filed after Petitioner had been resentenced in 2019 and 2021, and

Petitioner had not previously filed a habeas petition challenging the new judgment.  (*Id.* at PageID

#1775).

On August 11, 2023, the Court construed the 2021 Motion to Reopen as a new federal

habeas petition and referred the matter to the assigned magistrate judge for further proceedings

consistent with a federal habeas corpus petition.  (ECF No. 21).  The Court also granted Petitioner

permission to refile or supplement the 2021 Motion to Reopen within 42 days.  (*Id.* at PageID

#1826).

### E.     Relevant Alleged Tolling Motion Filed in State Court

On February 7, 2022, Barnette filed a Petition to Vacate or Set Aside Judgment of

Conviction or Sentence, pursuant to Ohio Rev. Code §§ 2953.21 and 2945.79(B) and Ohio

Criminal Procedure Rule 33(A)(2) ("2022 Post-Conviction Petition") in the trial court.  (ECF

No. 30-3, PageID #3215–26).  Petitioner raised two ineffective assistance of trial counsel claims.

(*Id.* at PageID #3219–23).  The first claim, in relevant part, asserted that his trial counsel was

ineffective and objectively unreasonable for the trial strategy as to a potential witness, Sherrica

Barnette; namely trial counsel failed to fully investigate her story before trial, promised the jury

he would call her as a witness, and later abandoned that strategy.  (*Id.* at PageID #3219–20).

5

On February 17, 2022, the trial court overruled the 2022 Post-Conviction Petition as untimely. (*Id.* at PageID #3324). Petitioner appealed the trial court's ruling to the Ohio Court of Appeals, raising two assignments of error: (i) the trial court erred in finding the petition untimely; and (ii) Petitioner's trial counsel was ineffective for failing to properly investigate Sherrica Barnette before promising her as a witness in his opening statement. (*Id.* at PageID #3327–28, 3336–39). On June 30, 2023, the Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed the trial court's decision. (*Id.* at PageID #3427–35). The Ohio Court of Appeals found that the 2022 Post-Conviction Petition was untimely and Petitioner's claim of ineffective assistance of counsel was without merit. (*Id.* at PageID #3431–34).

On August 1, 2023, Petitioner appealed the decision to the Ohio Supreme Court. (*Id.* at PageID #3437). On September 29, 2024, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.* at PageID #3462).

**F.    Consolidated Habeas Proceedings**

*1.    October 2023 Habeas Petition – Case No. 4:23-cv-2027*

On October 16, 2023, Petitioner filed the 2023 Habeas Petition. (ECF No. 24; CM/ECF for the N.D. Ohio, Case No. 4:23-cv-2027, Doc. 1). The petition raised two new grounds for relief attacking his 2011 conviction: (i) an ineffective assistance of counsel claim concerning witness Sherrica Barnette; and (ii) a claim that the new judgment in his criminal case (the 2021 resentencing) allows Petitioner to raise any challenge/claim relating to his conviction and sentence. (ECF No. 24, PageID #1835–38; ECF No. 24-2, PageID #1851–53).

*2.    Consolidated Habeas Proceedings*

On November 16, 2023, the Court consolidated case nos. 4:15-cv-2226 and 4:23-cv-2026. (ECF No. 22). Respondent filed a return of writ addressing the grounds raised in the 2023 Habeas

Petition, (ECF No. 30), and a supplemental return of writ addressing the grounds raised in the 2021 Motion to Reopen, (ECF No. 34).  Petitioner did not file a traverse in response to either return of writ.

Combined, the 2021 Motion to Reopen and 2023 Habeas Petition raised the following ten grounds for relief—with the two grounds in the 2023 Habeas Petition hereinafter labeled as Ground Nine and Ground Ten:

Ground One: No oath or affirmation exist.  The Fourth Amendment requires an Oath or Affirmation. No Oath or Affirmation exist in this case, in violation of the Fourth and Fifth Amendments (violation of Due Process, void all proceedings).

Ground Two: The indictment was never returned.  On October 1, 2009, an Indictment was filed on Mahoning County, Common Pleas Court's Docket Case Number 2009 CR 1122.  This indictment although filed was not properly returned pursuant to Ohio Crim.R. (6)(F), or Fed Crim.R. (6)(F).  More specifically the indictment was not concurred by the recommended number of jurors prescribe by Crim.R. (6)(F), and the indictment was not returned to a judge or the judge presiding over the grand jury by its foreperson or deputy foreperson, in open court.

Ground Three: The prosecution is holding the grand jury records. For the Prosecutor to hold the grand jury records, including the log, transcripts information on the transcriber, is a violation of *United States v. Williams*, 504 US. 36 (1992). That is a violation of Due Process and voids the indictment and proceedings.

Ground Four: No quorum existed for the grand jury.  The only authority that exists for a court is the record in the court, the docket sheet.  In this case no record of a quorum exists and therefore no valid indictment exists, voiding all proceedings.

Ground Five: No probable cause hearing voids the Indictment.  Without a probable cause hearing, the grand jury has no basis for initiating an investigation.

Ground Six: No grand jury array was produced. . . . No grand jury array was produced by the Prosecutor to allow Plaintiff his right pursuant to Crim.R.6(B)(l), and Fifth Amendment.

Ground Seven: Lack of standing.  If an agency is not vested with authority by law, it lacks standing a complaint, so the courts lack subject matter jurisdiction.  In this case, the Government has not proven standing, meaning they have no standing, rendering the proceeding void.

Ground Eight: Violation of due process void the judgment. . . . Due process violations occurred: (1) when respondent failed to produce the documents in question pursuant to 28 U.S.C. § 2249; and (2) when the court did not ask for an order to show cause, to the government related to Petitioner's indictment.

Ground Nine: In violation of the Six Amendment Mr. Barnette's Trial Counsel was Ineffective for failing to proper[ly] investigate before promising Sherrica Barnette as a witness in opening statements and later abandoning that promise.

Ground Ten: Pursuant to the Due Process Clause of the Fourteenth Amendment and Art. I §10 of the Ohio Constitution, a new sentence leads to a new judgment that reset the statute of limitation clock and allows a prisoner to attack both the new sentence and the undisturbed original conviction without any possibility of facing the second or successive limits.

(ECF No. 13, PageID #1751–55; ECF No. 24-2, PageID #1851–52).

On May 20, 2024, Petitioner filed the Evidentiary Motion, arguing that an evidentiary hearing was needed to properly adjudicate his claim under Ground Nine because his trial counsel's reasons for abandoning the promise to call Sherrica Barnette as a witness were not on the record. (ECF No. 35). On July 5, 2024, Petitioner filed the Discovery Motion, arguing that discovery was necessary to adjudicate his claim under Ground Nine. (ECF No. 38).

On August 14, 2024, Magistrate Judge Grimes issued an R&R recommending that the Court dismiss the claims raised in the 2021 Motion to Reopen and 2023 Habeas Petition. (ECF No. 39). He found that Petitioner's: (i) Grounds One, Two, Four, Five, Six, and Eight were all non-cognizable, (*id.* at PageID #4085–86, 4093–94); (ii) Ground Three was non-cognizable, procedurally defaulted, and meritless, (*id.* at PageID #4087–90); (iii) Ground Seven was non-cognizable and meritless, (*id.* at PageID #4090–93); (iv) Ground Nine was time-barred, (*id.* at PageID #4094–103); and (v) Ground Ten was moot, (*id.* at PageID #4104). Magistrate Judge Grimes also denied the Evidentiary Motion and Discovery Motion because Petitioner's ineffective assistance of counsel claim under Ground Nine is time-barred. (*Id.* at PageID #4104–05).

Petitioner filed a timely objection to the R&R ("Objection").  (ECF No. 40).  He also filed an amended objection to the R&R on August 26, 2024 ("Amended Objection").  (ECF No. 41).

## II.     LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt a report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).  Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3).  An objection must address specific issues within the magistrate judge's report and recommendation.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position."  *Ayers v. Bradshaw*, No. 3:07cv2663, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-cv-02095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement as objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d

at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object").  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

## III.  DISCUSSION

Both the Objection and Amended Objection initially set forth the same general objections to the R&R, stating: "[Petitioner] objects to all adverse rulings in the Report and Recommendation (R&R) on August 14, 2024."  (ECF No. 40, PageID #4107; ECF No. 41, PageID #4114).  Petitioner then states that his position is set out in previous filings and informs the Court he will only address "some of the comments in the R&R."  (ECF No. 40, PageID #4107; ECF No. 41, PageID #4114).  The Court notes that its role here is "not to conduct a '*de novo* review of the entire case,' but instead to conduct a *de novo* review of Petitioner's *specific* objections to the magistrate judge's report and recommendation."  *Townsend v. Foley*, No. 1:21-cv-2264, 2024 U.S. Dist. LEXIS 131226, at *6 (N.D. Ohio July 25, 2024) (emphasis in original).  Accordingly, the Court finds the Petitioner's general objections to all adverse rulings in the R&R do not merit *de novo* review.  *See Howard*, 932 F.2d at 509; *Spencer*, 449 F.3d at 725.

The Objection and Amended Objection, together, raise three specific objections to the R&R that the Court will address in turn.  Petitioner raises two objections that concern the R&R's ruling that Ground Nine was time-barred; namely, the Magistrate Judge erred in finding that: (i) the 2022 Post-Conviction Petition was not properly filed under Ohio law, (ECF No. 40, PageID #4107–09); and (ii) Petitioner was not entitled to equitable tolling, (*id.* at PageID #4109–10; ECF

No. 41, PageID #4114–16).[3]  Finally, Petitioner raises one objection to the Magistrate Judge's denial of the Evidentiary Motion and Discovery Motion.  (ECF No. 40, PageID #4110–11).

### A.        Objections – Ground Nine

Ground Nine asserts that Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel "fail[ed] to proper[ly] investigate before promising Sherrica Barnette as a witness in opening statements and later abandoning that promise."  (ECF No. 24-2, PageID #1851).  Petitioner states that, during opening statements, trial counsel promised the jury they would hear from Sherrica Barnette, with counsel stating:

> [S]he was at home that afternoon [of the murders].  She had periodic contact with [Petitioner] until he was picked up again by Austria Wright at around six p.m. When Austria picked [Petitioner] up at six p.m., they drove to Austria's apartment in Liberty where the two had planned to go earlier that day.  The testimony and evidence will establish that [Petitioner], was not there when [the victims] came to their deaths.

(*Id.* at PageID #1851–52).  Petitioner further states that, during closing statements, the prosecution brought the fact that Petitioner did not call any witnesses to the jury's attention.  (*Id.* at PageID #1852).

The Magistrate Judge first reviewed the transcript of the trial and noted that, during closing rebuttal, the State did *not* mention Sherrica Barnette was never called to testify.  The State instead specifically mentioned that Petitioner did not call any witnesses to contest the State's DNA witnesses in response to Petitioner's closing argument challenging the State's DNA evidence. (ECF No. 39, PageID #4095).  The Magistrate Judge then found Ground Nine was barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214.  (*Id.* at PageID #4096–103).  The Magistrate

---

[3] The Amended Objection provides only a single objection that amends and supplements the same objection in the Objection concerning equitable tolling.  (*See* ECF No. 40. PageID #4109–10; ECF No. 41, PageID #4114–16).

Judge explained that Ground Nine is time-barred because: (i) Petitioner's June 28, 2021 resentencing restarted the one-year period for Petitioner to file a habeas petition; (ii) Petitioner did not appeal the resentencing judgment, so the statutory period began to run July 29, 2021 (the day after the 30-day appeal window lapsed); (iii) the one-year statute of limitations expired on July 29, 2022; and (iv) the 2023 Habeas Petition was not filed until October 8, 2023, more than a year after the deadline.  (*Id.* at PageID #4096–97).

The Magistrate Judge further explained that Petitioner's various post-resentencing filings did not toll the statute of limitations because they were either not tolling motions (*e.g.*, petition for grand jury transcripts or writ of mandamus) or they were improperly filed (*e.g.*, untimely).  (*Id.* at PageID #4097–102).  In relevant part, the Magistrate Judge found that the 2022 Post-Conviction Petition did not toll the statute of limitations because the Ohio Court of Appeals rejected it as untimely, and an untimely post-conviction petition does not toll the AEDPA limitations period.  (*Id.* at PageID #4098).  Addressing Petitioner's argument that the Ohio Court of Appeals erred when it found his 2022 Post-Conviction Petition untimely because his resentencing restarted and reset all his state court appellate rights, the Magistrate Judge found it to be meritless, stating:

> To the extent that the Ohio court of appeals relied on Ohio law when it found that a Sixth Circuit case interpreting AEPDA's limitations start-date had no bearing on Ohio appellate rights, that finding is binding on this Court.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").  To the extent that the Ohio court of appeals interpreted federal law to evaluate [Petitioner's] claim challenging Ohio's post-conviction proceedings, the claim is not cognizable here because "errors in post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v. Palmer*, 484 F.3d at 853 (citing *Roe*, 316 F.3d at 571, and Kirby v. Dutton, 794 F.2d 245, 246–47 (6th Cir. 1986)); *see Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854 (6th Cir. 2017).  Finally, [Petitioner] hasn't shown that the Ohio court of appeals' decision ran afoul of United States Supreme Court precedent.  For all of these reasons, [Petitioner] hasn't shown that

his [2022 Post-Conviction Petition] was properly filed under Ohio law, so the petition doesn't toll the limitations period.

(*Id.* at PageID #4098–101).

The Magistrate Judge also found that Petitioner was not entitled to equitable tolling. (*Id.* at PageID #4102–03). First, he determined that Petitioner had not diligently pursued his ineffective assistance of counsel claim because he knew about the facts supporting this claim since 2011 and has never explained why he waited 12 years to pursue this claim and never raised it in seven previous appeals. (*Id.*). Second, he determined that Petitioner had not demonstrated actual innocence. (*Id.* at PageID #4103). Finally, the Magistrate Judge noted that Petitioner's ineffective assistance claim is also procedurally defaulted. (*Id.* at PageID #4103 n.15).

### 1.    The 2022 Post-Conviction Petition was Not Properly Filed

Petitioner objects to the R&R's conclusion that the 2022 Post-Conviction Petition was improperly filed under Ohio law. (ECF No. 40, PageID #4107–09). Petitioner argues that the 2022 Post-Conviction Petition was timely because it was filed within one year of his 2021 resentencing, which became final on July 28, 2021. (*Id.* at PageID #4108). He also argues that he has a right to raise an ineffective assistance of trial counsel claim in collateral proceedings and can establish default for such a claim because he was not appointed counsel during the "initial-review collateral proceedings for a claim of [ineffective assistance of counsel] . . . ." (*Id.* at PageID #4108–09).

Under 28 U.S.C. § 2244(d)(2), the AEDPA limitations period is tolled while a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim remains pending. A post-conviction petition that is untimely under state law is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). An application is "'filed,' . . . when it is delivered to, and accepted by, the

appropriate court officer for placement into the official record," but "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including time limits for its delivery. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) (emphasis in original). Simply put, untimely post-conviction petitions or other collateral motions do not toll the AEDPA limitations period, notwithstanding any exceptions to the timely filing requirement that might exist under state law. *See Pace*, 544 U.S. at 413–14.

After *de novo* review, the Court finds that the 2022 Post-Conviction Petition was not timely filed; therefore, it was not properly filed and did not toll the AEDPA one-year statute of limitations. For relevant background, the initial judgment of conviction and sentence was entered on October 26, 2011. (ECF No. 30-1, PageID #2040–41). Petitioner timely appealed the judgment to the Ohio Court of Appeals and then the Ohio Supreme Court. (*Id.* at PageID #2044, 2128). Petitioner did not raise an ineffective assistance of trial counsel claim before either court. (*Id.* at PageID #2046–63, 2116–23). The judgment became final once the Ohio Supreme Court declined jurisdiction over the appeal on July 8, 2015. (*Id.* at PageID #2128). The record demonstrates that the same counsel represented Petitioner at trial and on direct appeal. (*See id.* at PageID #1957, 1980, 1993, 2038, 2044, 2063, 2107, 2110). "Under Ohio law, a petitioner who is represented on direct appeal by the same counsel who represented him at trial has no obligation to raise any ineffective assistance of trial counsel claims on direct appeal." *Fuller v. McAninch*, No. 95-4312, 1996 U.S. App. LEXIS 22531, at *3–4 (6th Cir. Aug. 16, 1996) (citing *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E.2d 169, 171 (Ohio 1982)). "A petition for post-conviction relief is the appropriate manner in which to raise ineffective assistance of trial counsel claims for a petitioner who was represented by the same attorney at trial and on direct appeal." *Id.* at *4; *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 n.5 (6th Cir. 2003) ("Under Ohio law, when the same

14

attorney represents a defendant at trial and on direct appeal (as in this case), the appropriate forum in which to raise claims of ineffective assistance of trial counsel is in a post-conviction action.").

In Ohio, the timeliness of post-conviction petitions for relief is governed by state statute. *See* Ohio Rev. Code §§ 2953.21(A)(2), 2953.23(A).  Under Ohio Rev. Code § 2953.21(A)(2), a post-conviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.'"  Ohio courts lack jurisdiction to entertain an untimely post-conviction petition for relief unless a petitioner can demonstrate that one of the exceptions under Ohio Rev. Code § 2953.23(A) applies.  *State v. Apanovitch*, 2018-Ohio-4744, 155 Ohio St. 3d 358, 121 N.E.3d 351, 360 (Ohio 2018); *State v. Baker*, 2024-Ohio-4448, ¶11 (Ohio Ct. App. 2024) ("Importantly, a trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies.").

Notably, the trial court and Ohio Court of Appeals concluded that Petitioner's 2022 Post-Conviction Petition was not timely filed under Ohio law and Petitioner failed to meet his burden of establishing an exception under § 2953.23(A).  (*See* ECF No. 30-3, PageID #3324, 3430–33).  The trial court noted that an untimely petition "may be considered if the petitioner was unavoidably prevented from discovering facts which are the bases for his petition or if there is a new retroactive right recognized by the United States Supreme Court[,]" citing the exceptions under Ohio Rev. Code § 2953.23(A)(1)(a), but it ultimately found Petitioner had failed to meet that burden.  (*Id.* at PageID #3324).  The Ohio Court of Appeals cited the same exceptions under Ohio Rev. Code § 2953.23(A)(1)(a) and noted that Petitioner had not provided an explanation for his late-filed

petition or "alleged that he was unavoidably prevented from discovering evidence or that a new law applies retroactively to a person in his situation." (*Id.* at PageID #3430–31).

A federal habeas court does not function as an additional state appellate court for review of state-court decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). As such, the Court must defer to the Ohio courts' findings on whether the 2022 Post-Conviction was timely filed because "[f]ederal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (quoting *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001), and citing *Godfrey v. Beightler*, 54 F. App'x. 431, 433 (6th Cir. 2002)) (internal quotation marks omitted).

Petitioner has argued that the 2022 Post-Conviction was timely filed because his 2021 resentencing reset the limitations period for filing a post-conviction petition for relief under Ohio law, citing *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). The Ohio Court of Appeals specifically addressed and rejected this argument, stating:

> {¶18} The *King* case cited by Appellant involves a specific federal law that was raised in a habeas corpus petition. The *King* court specifically noted that habeas, unlike other filings, allows review of claims that could or should have been raised in earlier court filings. *Id.* at 159-160. A petition seeking all other postconviction relief operates differently than habeas corpus, and *res judicata* does apply in all other postconviction petitions. In addition, the *King* court recognized that the specific law under review, the Anti-Terrorism and Effective Death Penalty Act, provided a new entry filed pursuant to this Act did reset the statute of limitations clock. However, this provision narrowly applies only to this Act. *Id.* at 159-160.
>
> {¶19} As such, Appellant's first assignment of error is without merit and is overruled.

(ECF No. 30-3, PageID #3432–33). Once again, the Court must defer to the Ohio Court of Appeals' determination of whether Petitioner's resentencing reset the limitations period for filing post-conviction petitions under *Ohio* law. Ohio courts addressing this issue have held that the

16

principle in *King* simply stands for the proposition that a prisoner is not barred from filing a second or successive habeas petition when there has been a resentencing and it does not apply to procedural state laws. *See, e.g.*, *State v. Bolling*, 2019-Ohio-227, ¶¶11–12 (Ohio Ct. App. 2019) ("Upon review, we conclude that *Magwood*, *King*, and *Stansell* do not apply in the instant case"); *State v. Krug*, 2019-Ohio-926, ¶¶25–26 (Ohio Ct. App. 2019); *State v. Florence*, 2021-Ohio-867, ¶¶15–26 (Ohio Ct. App. 2021).

Even if the Court were not obligated to defer, Sixth Circuit caselaw independently affirms the approach adopted by the Ohio Court of Appeals in this case. In *King*, the Sixth Circuit analyzed *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), and held that "[a]s a matter of custom and usage . . . a judgment in a criminal case includes both the adjudication of guilt and the sentence. Even when the only change in the state-court proceeding relates to the sentence, the new judgment will reinstate the conviction and the modified sentence." 807 F.3d at 157. The Sixth Circuit has since reaffirmed that "a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). Nothing in *King* or related Sixth Circuit cases states that a resentencing affects the limitations periods or post-conviction procedures under state law.

Although not addressing this precise issue, several Sixth Circuit panels have held that *Magwood* and *King* do not affect the requirement that a federal habeas petitioner must demonstrate he has not procedurally defaulted his claims in state court, nor do they inform whether Ohio may enforce its own *res judicata* rule. For example, in *Barker v. Robinson*, the panel explained that:

> [The petitioner] argued that the State erred in finding that claims he had not raised in his original appeal but raised after his resentencing were barred by res judicata. [Petitioner] relied on *Magwood v. Patterson*, 561 U.S. 320, 342, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), and *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015),

> which held that a federal habeas corpus petition filed after a resentencing is not a second or successive petition. But those cases say nothing about whether the State of Ohio is required to abandon its res judicata rules after resentencing. [The petitioner] was still required to show that his claims were not procedurally defaulted in the state courts.

No. 19-4032, 2020 U.S. App. LEXIS 11993, 2020 WL 8184915, at *2 (6th Cir. Apr. 15, 2020); *see also Mathews v. Wainwright*, No. 20-3353, 2020 U.S. App. LEXIS 25458, 2020 WL 5758681, at *1 (6th Cir. Aug. 11, 2020) ("[B]ecause there was a new intervening judgment, this petition was not successive and did not require authorization from this court to be filed. But [the petitioner] was still required to show that his claims were not procedurally defaulted in the state courts."). Another panel specifically held that a federal habeas petition filed after a resentencing, like the petitions in this case, was still subject to Ohio's *res judicata* rule. *Avery v. Wainwright*, No. 20-3530, 2022 U.S. App. LEXIS 12867, 2022 WL 1498431, at *7–9 (6th Cir. May 12, 2022) (concluding that claims barred by Ohio courts on *res judicata* grounds were procedurally defaulted for federal habeas purposes).

Here, the Magistrate Judge properly concluded that Ohio's determination of whether the 2022 Post-Conviction Petition was properly filed controls whether that petition tolled the statute of limitations under § 2244(d)(2). Because the Ohio Court of Appeals found that the 2022 Post-Conviction Petition was untimely filed, it was not properly filed and did not toll AEDPA statute of limitations.

### 2.    *Petitioner is Not Entitled to Equitable Tolling*

Petitioner objects to the R&R's conclusion that he is not entitled to equitable tolling. (ECF No. 40, PageID #4109–10; ECF No. 41, PageID #4114–16). Petitioner argues that he is entitled to equitable tolling because he has been diligently pursuing his rights. (ECF No. 40, PageID #4109; ECF No. 41, PageID #4114–15). He argues that he was prevented from filing a timely

habeas petition after the 2021 resentencing because: (i) his trial counsel failed to file a notice of appeal after the resentencing; (ii) the trial court failed to appoint counsel for "initial-review collateral proceedings"; (iii) he filed a motion to stay habeas proceedings in July 2023; and (iv) he was not aware of the Court's order granting leave to refile or supplement the 2021 Motion to Reopen until December 2023.  (ECF No. 40, PageID #4109; ECF No. 41, PageID #4115).  Petitioner separately argues he is entitled to equitable tolling because he has claimed he was actually innocent from the beginning of this case.  (ECF No. 40, PageID #4110).

The Court finds that Petitioner's argument for equitable tolling based on actual innocence is without merit.  The Sixth Circuit has held a petitioner who presents a credible claim of "actual innocence" is entitled to equitable tolling of AEDPA's statute of limitations.  *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005) ("[W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.").  However, this exception is rare and is only applied in extraordinary cases.  *See id.* at 590; *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

For the Court to apply this exception, a petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup*, 531 U.S. at 316. "A credible claim of actual innocence may overcome the AEDPA's one-year limitations period, but that requires the petitioner to show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt."  *Ayers v. Ohio Dep't of Rehab. & Corr.*, No. 23-3735, 2024 U.S. App. LEXIS 3677, *6 (6th Cir. Feb. 15, 2024) (quoting

*McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013)) (alteration in original).  The petitioner's evidence must include "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 531 U.S. at 324. *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (citation omitted).

Petitioner does not point to any new evidence to establish actual innocence.  He simply argues that he has claimed actual innocence from the start of the criminal proceedings and points to evidence presented at trial that he believes demonstrates his innocence.  (ECF No. 40, PageID #4110).  Because Petitioner has not presented any new reliable evidence that was not presented at trial to support a claim of actual innocence, he cannot satisfy the demanding standard necessary to warrant equitable tolling of his untimely petition.

As for Petitioner's argument that he is entitled to traditional equitable tolling, the Court similarly finds it without merit.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  However, the equitable tolling doctrine is granted by federal courts "sparingly" and typically only "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *See Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010).  "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner has not demonstrated that he diligently pursued his rights and extraordinary circumstances stood in his way of filing a timely habeas petition with respect to his ineffective assistance of counsel claim.  Petitioner claims his trial counsel did not file a notice of appeal after

his 2021 resentencing and the trial court did not appoint counsel for initial-review collateral proceedings.  (ECF No. 40, PageID #4109).  But the record does not indicate or demonstrate that he ever requested such an appeal or initiated collateral proceedings related to an ineffective assistance of counsel claim after his 2021 resentencing.  Additionally, before the instant objections, Petitioner never raised these alleged obstacles to filing before either state or federal court.  As to Petitioner's assertions regarding his motion to stay proceedings (ECF No. 20) and the Court's order for supplementation (ECF No. 21), the Court is unpersuaded because those filings were entered after the one-year statute of limitations had already lapsed; thus, they could not have been an impediment to timely filing.

Regardless, even if the AEDPA's statute of limitations were equitably tolled, Petitioner's claim under Ground Nine would be dismissed as procedurally defaulted.  A claim will be considered procedurally defaulted if: (i) the petitioner has failed to comply with a state procedural rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and independent state law ground for denying review of a federal constitutional claim; and (iv) the petitioner cannot show cause and prejudice to excuse the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A state habeas petitioner must give the state courts a "*fair*" opportunity to act on his claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (emphasis in original).  If the petitioner has not done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *See Gray v. Netherland*, 518 U.S. 152, 161–62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).  For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised at each and every stage of state review.  *Wagner v. Smith*, 581

F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams*, 460 F.3d at 806.  Because the Ohio courts already rejected the 2022 Post-Conviction Petition as untimely and barred by *res judicata*, Petitioner has procedurally defaulted his Ground Nine ineffective assistance of counsel claim.  (ECF No. 30-3, PageID #3430–34).

A habeas petitioner can overcome procedural default by showing either: (i) good cause for the default and resulting prejudice; or (ii) that he is actually innocent.  *Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).  Petitioner has failed to make either showing.  First, as discussed previously, Petitioner has not sufficiently demonstrated actual innocence.  Second, as noted by the Ohio Court of Appeals and the Magistrate Judge, Petitioner has not provided an explanation for why he did not raise his Ground Nine ineffective assistance of counsel claim for nearly twelve years after his original judgment of conviction, even though he filed numerous motions, a direct appeal, six additional appeals, and several post-conviction petitions for relief.[4] (*See* ECF No. 3434; ECF No. 39, PageID #4103).

Accordingly, the Court **OVERRULES** Petitioner's objections as to Ground Nine.

---

[4] Before filing the 2022 Post-Conviction Petition, Petitioner filed two previous post-conviction petitions for relief and neither raised an ineffective assistance of counsel claim.  (ECF No. 30-1, PageID #2495–505, 2525–34).  Petitioner did raise ineffective assistance claims in four previous filings, but none of them raised the same ineffective assistance of counsel claim asserted under Ground Nine—specifically the failure of trial counsel to properly investigate Sherrica Barnette before promising to call her as a witness during opening statements.  Petitioner's March 2015 Rule 26(B) application to reopen raised ineffective assistance claims related to counsel's failure to raise speedy trial issues and object to or file a motion to suppress certain evidence.  (*Id.* at PageID #2133–34).  Petitioner's 2015 Habeas Petition raised an ineffective assistance claim related to counsel's failure to hire a DNA expert.  (ECF No. 1, PageID #9).  Petitioner's second motion for a retrial raised ineffective assistance claims related to counsel's failure to hire a DNA expert, file a motion to suppress evidence, challenge the cause of death, and impeach two witnesses.  (ECF No. 30-2, PageID #2743).  Finally, Petitioner's second Rule 26(B) application to reopen raised ineffective assistance claims related to counsel's failure to notice that the original judgment did not mention post-release control, hire a pathologist, and secure a transcript.  (ECF No. 30-4, PageID #3785–90).  Notably, Petitioner never appealed the denial of these prior ineffective assistance of counsel claims.

B.    **Objections – Denial of the Evidentiary Motion and Discovery Motion**

The Magistrate Judge denied the Evidentiary Motion (ECF No. 35) and Discovery Motion (ECF No. 38) because both motions implicate the Ground Nine ineffective assistance of counsel claim, which is time-barred.  (ECF No. 39, PageID #4104–05).  The Magistrate Judge explained, in part, that: "Here, [Petitioner's] ineffective-assistance claim is time-barred.  So [Petitioner] hasn't shown that, 'if the facts are fully developed' as to why counsel didn't call Sherrica Barnette to testify at trial, he may 'be able to demonstrate that he is . . . entitled to relief.'" (*Id.* at PageID #4105 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09, 117 S. Ct. 1793 (1997)).  Petitioner objects to the Magistrate Judge's finding that he cannot demonstrate entitlement to relief if the record is more fully developed.  (ECF No. 40, PageID #4110–11).

Petitioner does not address the Magistrate Judge's reason for finding that further development of the record was unwarranted: Ground Nine and the ineffective assistance of counsel claim are time-barred.  As previously discussed, Ground Nine is time-barred and procedurally defaulted.  Conducting an evidentiary hearing and permitting discovery to address the reasons why trial counsel failed to call Sherrica Barnette as a witness is unwarranted and would not affect the inevitable dismissal of Ground Nine.  Thus, the Magistrate Judge properly denied the Evidentiary Motion and Discovery Motion.  Accordingly, Petitioner's objections as to denial of the Evidentiary Motion and Discovery Motion are **OVERRULED.**  "

IV.    **CERTIFICATE OF APPEALABILITY**

Title 28 U.S.C. § 2253 requires the Court to determine whether to grant a certificate of appealability for a claim presented in the Petition.  The relevant subsection of § 2253 states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

23

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing, Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If a district court dismisses constitutional claims on the merits, "petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Petkovic v. Clipper*, No. 1:14-cv-02292, 2016 WL 3950083, at *2 (N.D. Ohio, July 19, 2016). Based on the record and relevant law, a reasonable jurist could not find this Court's assessment of Petitioner's constitutional claims debatable or wrong. Therefore, no certificate of appealability will issue from this ruling.

## V.      CONCLUSION

For the foregoing reasons, Petitioner's Objections (ECF No. 40) and Amended Objections (ECF No. 41) are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Grimes's R&R and incorporates it fully herein by reference. The 2021 Motion to Reopen (ECF No. 13) and 2023 Habeas Petition (ECF No. 24) are hereby **DENIED** and **DISMISSED**. The Evidentiary Motion (ECF No. 35) and Discovery Motion (ECF No. 38) are **DENIED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith,

and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b);

28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: October 15, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**